**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-26-01581-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| $19,557 in United States Currency, et al., | |
| Defendants. | |

In this *in rem* civil forfeiture proceeding, the United States seeks forfeiture of $19,557 in United States currency. These funds were seized from Luis Andres Herrera Sanchez and his wife, Maria Patricia Piad Barreras, as they entered the United States at the Phoenix Sky Harbor Airport on B-1/B-2 visas. (Doc. 1 ¶¶ 12, 32)

The Court has considered Claimant Luis Andres Herrera Sanchez's Motion for Leave to File a Late Verified Claim and Answer. (Doc. 8) The United States filed a response in opposition. (Doc. 12) Claimant did not file a reply brief. The Court will deny the Motion.

**I.**

This action was filed on March 6, 2026. (Doc. 1) The United States published notice on the official government website, www.forfeiture.gov, for 30 consecutive days, March 11, 2026, through April 9, 2026. (Doc. 7 at 1) On March 16, 2026, service of the verified complaint was made on potential claimants Luis Andres Herrera Sanchez and Maria Patricia Piad Barreras by certified mail to their home in El Mirage, Arizona. (*Id.*) Service

by mail was also made on Mr. Herrera Sanchez's attorney. (*Id*.) Mr. Herrera Sanchez answered the complaint on April 20, 2026, the last day to file. (Doc. 6) But he did not timely file a verified claim. He filed the present Motion two days after the deadline to file his claim, April 22, 2026. (Doc. 8)

**II.**

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), Rule G, governs forfeiture actions *in rem*. Rule G(4)(b)(i) requires the government to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)."

Rule G(4)(b)(ii) specifies the contents of the notice to known potential claimants, including "a deadline for filing a claim, at least 35 days after the notice is sent." Supplemental Rules G(4)(b)(ii)(B). Potential claimants must file a verified claim as specified in Rule G(5)(a). The claim must be submitted "by the time stated in a direct notice sent under Rule G(4)(b)." *Id*. Rule G(5)(a)(ii)(A).

**III.**

Mr. Herrera Sanchez argues that his failure to timely file a verified claim was due to excusable neglect. (Doc. 8 at 2.) Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) the Court may extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The United States Supreme Court has held that "excusable neglect" is determined by considering the following: "(1) whether granting the delay will prejudice the [opposing party]; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; [and] (4) whether the [claimant] acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385, 396-97 (1993).

Filing a late claim would not be prejudicial because Mr. Herrera Sanchez timely filed an answer placing the United States on notice that he intended to defend his claim.

Furthermore, as the United States conceded in their response, the two-day delay is not significant. (Doc. 12 at 5.) This Court also does not find that Mr. Herrera Sanchez was acting in bad faith. The delay, however, was not "beyond the reasonable control" of Mr. Herrera Sanchez or his attorney. *Pioneer Inv. Servs. Co.* 507 U.S. at 385.

Mr. Herrera Sanchez, a Spanish-speaker, asserts that his failure to timely file a claim was because he had "a difficult time understanding the process explained by Spanish-speaking paralegal," which led to "miscommunications between lawyer . . . and said paralegal." (Doc. 8 at 2.) The paralegal had also asked permission to "conduct court filings for the first time on her own." (*Id.*) Mr. Herrera Sanchez fails to describe how the alleged miscommunications led to a failure to file a claim. The notice letter sent to Mr. Herrera Sanchez and his attorney identifies the applicable rules and explains the process and information required to file a claim. (Doc. 7 at 6-13.) The Notice specifies that the verified claim must be filled within 35 days after the date this notice is sent. (*Id.* at 13.) Furthermore, it is the attorney's professional responsibility to ensure the work of its paralegal is aligned with the attorney's professional obligations to its client, especially if it is the paralegal's first time filing on their own. *See* Ariz R. Sup. Ct. ER 5.3(b). Thus, the Court finds the reasons listed by Mr. Herrera Sanchez for failure to file a verified claim were not beyond his or his attorney's control.

The Court finds that Mr. Herrera Sanchez has failed to satisfy his burden under Rule 6(b)(1)(B). The Motion must be denied.

**IT IS THEREFORE ORDERED** that the Motion for Leave to File a Late Verified Claim and Answer (Doc. 8) is **DENIED**.

Dated this 9th day of June, 2026.

Michael T. Liburdi
United States District Judge

- 3 -